**GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL**
*A Professional Corporation*
660 New Road, Suite No. 1-A
Northfield, New Jersey  08225
(609) 646-0222    FAX (609) 646-0887
Attorneys for City of Newark (63530(56))

*BY:*   /s/ Francis J. Ballak
      *FRANCIS J. BALLAK, ESQUIRE. (FJB2746)*

---

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **ANTHONY DAVID BUONO, SR.** | : | CASE NO. 22-15426 |
| *Debtor.* | : | JUDGE: MICHAEL B. KAPLAN |

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

      City of Newark by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan and states as follows:

      1.      Debtor, Anthony David Buono, Sr. filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code on July 6, 2022.

      2.      The Debtor was a former police officer employed by the City of Newark.  On June 16, 2015, the Debtor was charged with a variety of criminal offenses relating to the unauthorized sale of protected information from the Newark Police Department Computer Database system.

      3.      On April 1, 2016 an Essex County Grand Jury returned an indictment against the Debtor charging conspiracy, computer theft, disclosure of data, official misconduct and a pattern of official misconduct all in the second degree.

4. Although initially suspended without pay by the City of Newark, his suspension was thereafter retroactively converted to one with pay as a result of a grievance hearing.

5. On November 3, 2017, the Debtor pled guilty to one count of computer theft in violation of N.J.S.A. 2C:20-25(c). Furthermore, on such date the Debtor entered into a Consent Order for the forfeiture of and the disqualification from public employment in accordance with N.J.S.A. 2C:51-2.

6. On January 26, 2018, the Superior Court of New Jersey entered a Judgment of Conviction against the Debtor and sentenced him to non-custodial two year probation in accordance with his plea agreement.

7. From the date of his suspension until he forfeited his employment, the Debtor had received salary which totaled $360,719.66.

8. The City of Newark had filed a Complaint in the Superior Court of New Jersey seeking a forfeiture of his salary during the suspension as mandated by N.J.S.A. 40A:14-149.3. The Debtor filed an Answer and a Counterclaim.

9. While the State Court proceedings were moving forward, the Debtor filed a Chapter 7 Bankruptcy Petition on May 5, 2019 which was assigned docket no. 19-19924. In an associated Adversary Action with the prior Chapter 7 case the City of Newark sought to have a determination of non-dischargeability as to the amounts owed to the City of Newark. Such Adversary Action was assigned docket no. 19-02082.

10. Thereafter, the parties filed dispositive Motions and pursuant to Order dated October 23, 2019 the Honorable Kathryn C. Ferguson granted the Motion of City of Newark and determined that the debt owed to the City of Newark by the Debtor, Anthony Buono was non-dischargeable pursuant to 11 U.S.C. §523(a)(7). (See copy of Order attached hereto as **Exhibit "A"**).

11. Thereafter, the Debtor filed a Notice of Appeal with the District of New Jersey challenging the determination of Judge Ferguson. By Order dated September 28, 2020 the District Court entered an Order which denied the appeal and affirmed Judge Ferguson's Order. (See copy of Order and Decision attached hereto as **Exhibit "B"**).

12. As part of the Debtor's prior Chapter 7 proceedings, the assigned Trustee, Karen E. Bezner filed a Notice of Proposed Abandonment of the claims against the City of Newark which had been brought by the Debtor for additional pension and medical benefits while he was suspended as such would be set off against the debt which was owed to the City of Newark. (See copy of Notice of Proposed Abandonment attached hereto as **Exhibit "C"**). As set forth in the docket no objection to the proposed abandonment by the Trustee was filed.

13. Thereafter, the City of Newark filed a Motion for relief for a Comfort Order to permit the City of Newark to resume the State Court litigation against the Debtor, Anthony David Buono. By Order dated November 10, 2020 the Honorable Kathryn C. Ferguson, U.S.B.J. granted such relief. (See copy of Order attached hereto as **Exhibit "D"**).

14. By Order dated August 7, 2020, the Debtor received a discharge in the prior Chapter 7 proceedings with the exception of the claim of the City of Newark. (See copy of Order of Discharge attached hereto as **Exhibit "E"**).

15. In the current proceedings, the Debtor appears to have not even identified the prior Chapter 7 filing nor has he listed the City of Newark as a Creditor. Under the terms of the Plan the Debtor proposes paying $128.00 per month for 36 months.

16. With regards to this most recent filing, if it is clear that the amounts which are due to the City of Newark will be unaffected and not impacted by this filing then the City of Newark does not object. However, if there is any impact by this Bankruptcy upon the claims which the City of

3

Newark has in order to recover the monies which it is entitled to, then the City of Newark maintains its objection to this Bankruptcy.

17. In addition to the above, the City of Newark further relies upon 11 U.S.C. §1328 which bars a Debtor from receiving a discharge in a Chapter 13 bankruptcy when a discharge has already been received in a case filed under Chapter 7, 11 or 12 within the four year period preceding the date of the Order for relief. See In re McGhee, 342 B.R. 256, 258 (Bankr. W.D.Ky. 2006); See also McDow v Ratzlaff, 349 B.R. 443, 444 (Bankr. D.S.Ca 2006). Based upon the prior Chapter 7 proceedings, the Debtor is not believed eligible to receive a discharge in this Chapter 13.

18. In addition, as set forth above, it is believed that the Plan has not been filed in good faith and in violation of 11 U.S.C. §1325.

19. Wherefore, the City of Newark respectfully requests that this Court sustain the objections stated herein and deny confirmation of Debtor's Plan and for such other and further relief as the Court may deem just and proper.

**GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL**
Attorneys for City of Newark

Dated: December 7, 2022

/s/ Francis J. Ballak
FRANCIS J. BALLAK, ESQUIRE (FJB2746)